IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3001 |
| | ) | |
| v. | ) | |
| | ) | |
| SANTIAGO LOPEZ-MENDOZA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

Santiago Lopez-Mendoza (Lopez-Mendoza) has filed a § 2255 motion. (Filing no. 172.) After initial review[1], the defendant's § 2255 motion will be denied.

## I. BACKGROUND

Lopez-Mendoza pled guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). He was sentenced to 151 months in prison. (Filing no. 151.) In the plea agreement (filing no. 115), the government made no sentencing concessions, but the government agreed that Lopez-Mendoza could enter a guilty plea while reserving the right to appeal my denial

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

of his motion to suppress. His suppression motion challenged the search of a vehicle in which Lopez-Mendoza was a passenger.

I had determined that no illegal search or seizure occurred when a deputy asked to see the driver's license of the defendant's companion and the insurance card for their vehicle; the conversation, the deputy started, in which the deputy asked about drugs and requested to search the vehicle was consensual; the deputy had reasonable suspicion of wrongdoing, justifying detention of the defendant and his companion and the warrantless search of their vehicle; the deputy reasonably believed that the defendant's companion had consented to search of the vehicle; and the search of vehicle did not exceed scope of the consent given. (Filing no. 47.)

Lopez-Mendoza was represented by the same experienced and zealous appointed defense counsel, Gregg Damman, throughout the proceedings in this court and on appeal. On appeal, Lopez-Mendoza challenged the denial of his suppression motion asserting that he and his companion were unlawfully seized; his companion did not give consent to search the vehicle in which the heroin was found; and, if his companion consented, the search exceeded the scope of the consent. He asserted no other claims. The Court of Appeals rejected his arguments and affirmed the denial of the suppression motion on April 15, 2010. *United States v. Lopez-Mendoza*, 601 F.3d 861 (8th Cir. 2010).

In the direct appeal, Lopez-Mendoza did not challenge my sentencing decision that he had obstructed justice when he lied to the court and to government investigators about Jessica Roldan, a young New York woman, who was the registered owner of the car in which the 1.21 kilos of heroin were found. To be specific, Lopez-Mendoza did not challenge on appeal my decision to deny him the safety-valve, to deny him acceptance of responsibility points, and to enhance his total offense level by two points for the obstruction that took place when he lied. Nor did Lopez-Mendoza challenge

my decision to sentence him to 151 months in prison. Incidentally, that sentence was at the low-end of the applicable Guidelines. (Filing no. 152.)

Among other things, Lopez-Mendoza had testified to me and he had earlier told law enforcement authorities that Roldan worked at a restaurant in New York that was run by Argentines and that she had lent him the car. However, Jessica Roldan courageously testified that she never worked at a restaurant run by Argentines, she did not know Lopez-Mendoza and she had not lent him the car. She said the car was always in the possession of her former boyfriend, Jon Ortiz. Roldan testified that she purchased and financed the car in her name at the request of Ortiz, but Ortiz maintained possession of it. Ortiz later told Roldan that he had loaned the car to Lopez-Mendoza.

I made detailed findings of fact and conclusions of law after an extensive evidentiary hearing. (E.g., filing nos. 133, 134, 135, 138 and 147.) I decided that Roldan was credible, and Lopez-Mendoza was not credible. I also found that Jessica Roldan had been viciously beaten in an effort to silence her. As a result of the beating, Roldan was hospitalized for ten days suffering a seizure and a broken arm. During the course of that beating, Roldan was instructed by Jon Ortiz (the man who probably provided the car to Lopez-Mendoza in New York to facilitate the transportation of heroin) that she must tell Nebraska investigators "I didn't know anything" and "not to give anybody's names out."

On November 1, 2010, Lopez-Mendoza filed his timely § 2255 motion. (Filing no. 172.) He also submitted a brief and an affidavit. (Filing nos. 173 and 174.) He made four claims. Summarized and condensed, those claims are: (1) Lopez-Mendoza was denied due process of law when Damman failed and refused to assign as error on appeal my sentencing decision despite the fact that Lopez-Mendoza asked Damman to do so; (2) Lopez-Mendoza was denied effective assistance of counsel when Damman failed and refused to assign as error on appeal my sentencing decision despite the fact that Lopez-Mendoza asked him to do so; (3) the sentencing decision was mistaken; and

(4) the search of the car, and seizure of the defendant and his companion, were unconstitutional.

## II. ANALYSIS

Lopez-Mendoza's claims are plainly without merit, and that is apparent from the files and records. I next briefly explain why that is so.

*Claims 1 and 2–Failure to Appeal Sentencing Decision*

Lopez-Mendoza claims he was denied due process of law because Damman failed to attack my sentencing decision on appeal despite the defendant's direction that Damman do so. The short answer to this claim is that Damman had the discretion to pick what issue to raise on appeal, and he was not obligated to blindly follow the directions of Lopez-Mendoza. *See*, *e.g.*, *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (defense counsel assigned to prosecute an appeal does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant).

Lopez-Mendoza also claims that Damman was ineffective for failing to raise the sentencing claim. That argument is unavailing as well.

In order to prevail on a claim that defense counsel rendered ineffective assistance of counsel, the claimant must establish two things. The moving party must establish (1) that "'counsel's representation fell below an objective standard of reasonableness,'"[2] *and* (2) that "'there is a reasonable probability that, but for counsel's

---

[2] A judge's "scrutiny of counsel's performance must be highly deferential" and the judge must "indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Reed v. United States*, 106 F.3d 231, 236 (8th Cir. 1997). In other words, a judge should make "every effort" to "eliminate the

unprofessional errors, the result of the proceeding would have been different.'"[3] *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) quoting (*Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).

An evidentiary hearing is unnecessary if the claimant makes an insufficient preliminary showing on either or both prongs *or* the record clearly contradicts the claimant's showing on either or both prongs. *Engelen v. United States,* 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

Specifically, regarding claims that appellate counsel was ineffective because counsel failed to raise an issue on direct appeal, the claimant must show that counsel's performance in failing to raise the issue was deficient, and the claimant must also show prejudice resulting from that deficiency. *See*, *e.g.* United States v. Brown, 528 F.3d 1030, 1032-1033 (8th Cir. 2008). The "deficient performance" and "prejudice" standards are "rigorous." *Id.*

---

distorting effects of hindsight" by examining the lawyer's performance from "counsel's perspective at the time" of the alleged error. Strickland, 466 U.S. at 690.

[3] A "reasonable probability" is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but it is more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). It must be compelling enough to "undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

"Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible . . . ." *Jones v. Barnes*, 463 U.S. at 751. Therefore, absent contrary evidence, "we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998) (quotation marks omitted). The prejudice standard is equally rigorous. The claimant must show that "the result of the proceeding would have been different" had he raised the issue on direct appeal. *Becht v. United States*, 403 F.3d 541, 546 (8th Cir. 2005).

Here, Damman's election not to challenge my sentencing decision was clearly correct. The sentencing decision turned on an assessment of Lopez-Mendoza's lack of credibility, as contrasted with the credibility of the young woman who had been viciously beaten to silence her from testifying. As a result, Damman stood virtually no chance of prevailing on appeal regarding that issue.[4] *See, e.g., United States v. Alvarado-Rivera*, 412 F.3d 942, 947 (8th Cir. 2005) (district court's findings regarding applicability of "safety valve" sentencing provision can be overturned only if they are clearly erroneous) (en banc); *United States v. Quintana*, 340 F.3d 700, 702 (8th Cir. 2003) ("It is . . . well established that in sentencing matters a district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal.") (internal citations omitted, alterations in original).

In short, Damman's performance was not deficient. Still further, Lopez-Mendoza cannot show prejudice.

---

[4]The law was never in dispute. Moreover, as Damman well knew, the procedural method (e.g., filing no. 126) of resolving safety-valve, acceptance of responsibility, and obstruction of justice questions that I use had survived scrutiny many times on appeal. Thus, the only real question on appeal would have been whether my credibility assessment was clearly erroneous. Since I alone had the opportunity to see and hear Lopez-Mendoza and Roldan testify, the chance of convincing the Court of Appeals that I erred was slim and none.

*Claim 3–The Sentencing Decision Was Mistaken*

Lopez-Mendoza claims my sentencing decision was mistaken. Since that issue could have been raised on appeal, it is procedurally defaulted and cannot be raised in this § 2255 proceeding. *See*, *e.g.*, *United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010).

*Claim 4–The Search and Seizure Were Unconstitutional*

Claim 4 is barred from consideration in this section 2255 proceeding because that claim was raised on direct appeal and denied. *See*, *e.g.*, *Dall v. United States*, 957 F.2d 571, 572 (8th Cir. 1992) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.") (citations and internal marks omitted)).

IT IS ORDERED that Lopez-Mendoza's § 2255 motion (filing no. 172) is denied and this matter is dismissed with prejudice. A separate judgment will be issued.

DATED this 3rd day of November, 2010.

BY THE COURT:
*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.